IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NOEL JAZUL | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | _____ |
| CHRISTUS SPOHN HEALTH SYSTEM CORPORATION | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

Come now Plaintiff **NOEL JAZUL** complaining of Defendant **CHRISTUS SPOHN HEALTH SYSTEM** and for cause of action would show the Court and jury as follows:

### JURISDICTION

1. The court has jurisdiction over the lawsuit because the action arises under the Title VII of the Civil Rights Act of 1964, as amended. See 42 U.S.C. 2000e *et seq.*

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff, Noel Jazul timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against defendant. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.

### PARTIES

3. Plaintiff is an individual who resides in Nueces County, Texas. At all relevant times defendants employed plaintiff in their facility in Corpus Christi, Texas

4. Defendant, **CHRISTUS SPOHN HEALTH SYSTEM CORPORATION**, ("Christus Spohn") is a corporation in accordance with the applicable laws of the State of Texas which may be served with process by service upon, it registered agent, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701.

## MATERIAL FACTS

5.  Plaintiff Noel Jazul was employed with Spohn Shoreline in the position of Wound care and Hyperbaric Nurse. On or about October 2013 Plaintiff was denied a promotional opportunity when his application for the position of RN Coordinator was denied. Plaintiff was interviewed and was not selected. The position was given to a less qualified Caucasian female. Plaintiff requested an explanation into the hiring process and reasoning why someone with fewer qualifications was hired and denied despite my expressed concern because of Plaintiff's race or National Origin.

6.  On or about December 2013 Plaintiff submitted a written complaint demanding an immediate investigation into abuse and misuse of "Apligraf" at the Wound Care Center. Plaintiff also requested his prior request for information into the hiring process for RN Coordinator be answered. After Plaintiff's complaint, an investigation was initiated by the Texas Department of State Health Services and the Joint Commission. After Plaintiff's complaint Plaintiff experienced harassment and retaliation. Plaintiff was singled out when Plaintiff was required to remove personal property from our unit, but other employees were not required to do so. Plaintiff was falsely accused of not following doctor's orders regarding patient files and Plaintiff's PTO was partially denied despite a history of approval for a medical mission and was denied the long established benefit of supplies for Plaintiff's medical mission. Plaintiff was targeted and harassed for making his complaint.

7.  On or about March 21, 2014 Plaintiff was terminated. This followed Plaintiff's second request that false records contained in Plaintiff's personnel file be expunged. Plaintiff requested the reason for his termination be provided on March 27, 2014. Upon receiving no response for two weeks, Plaintiff then determined his termination was a result of discrimination and in retaliation for filing a written complaint with State Health Services. Plaintiff filed his EEOC charge alleging discrimination and retaliation on April 16th, 2104.

## COUNT 1 - DISCRIMINATION UNDER THE TITLE VII

8.  Plaintiff is an employee within the meaning of the Title VII and belongs to the class of employees protected under the statute, namely, Asian and National Origin, Philippines.

9. Defendant is an employer within the meaning of Title VII.

10. Defendant intentionally discriminated against plaintiff because of his race and national origin in violation of Title VII by the actions outlined in paragraphs 5-7.

11. Defendant intentionally discriminated against plaintiff because of his race and national origin in violation of Title VII by the hostile environment created by the actions outlined in paragraphs 5-7.

12. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages;

> Plaintiff was terminated, resulting in lost pay and benefits.
>
> Plaintiff suffered loss of his pension or retirement benefits.
>
> Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of plaintiff in his previous position is impractical and unworkable. Therefore, plaintiff seeks an award of future lost wages and benefits to compensate him up to the mandatory retirement
>
> Plaintiff is entitled to prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees.
>
> Defendant's conduct was an intentional and willful violation of Title VII. Plaintiff is entitled to an award of liquidated damages within the meaning Title VII.

## COUNT 2 – RETALIATION UNDER THE NURSING PRACTICE ACT.

13. The preceding paragraphs are incorporated by reference in the following claim for relief.

14. Plaintiff reported misuse of a material called Apligraf used in wound care to the Texas Department of Health Services and Joint Commission.

15. After complaining, Plaintiff was retaliated against and harassed by Defendant. Plaintiff would show that the aforementioned conduct constitutes a violation of the Texas Nursing Practice Act, § 161.134 *et seq.*, which prohibits a health care facility from retaliation against an employee for reporting violations of medical practices..

16. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has and will continue to suffer loss of pay, benefits, and other monetary damages, loss of earning capacity, damage to her reputation and attorney's fees, costs and expenses. Further, such action were wilful and malicious and entitle Plaintiff to an award of exemplary damages under §161.134(d).

### COUNT III –EMOTIONAL DISTRESS UNDER TITLE VII AND THE NURSING PRACTICES ACT

17. The preceding paragraphs are incorporated by reference in the following claim for relief.

18. The outrageous actions of Defendant for terminating a long-term employee has cause Plaintiff to suffer extreme emotional distress. Plaintiff's career has been destroyed by the callous and outrageous actions of Defendant. He has suffered weight loss, sleeplessness, severe depression and extreme agitation because of these acts and seeks damages therefor as allowed under Title VII and the Texas Nursing Practice Act, § 161.134 *et seq.*

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant appears and answer herein, and that upon trial of this cause, each plaintiff have judgment against defendant for the following relief:

(1) an order permanently enjoining defendants from failing or refusing to hire any individual, discharging any individual, or otherwise discriminating against any individual with respect to his or her compensation or the terms, conditions or privileges of employment because of such individual's race;

(2) back pay and front pay including all lost wages and employment benefits;

(3) compensatory damages for future reputational injuries, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses for defendant's violations as set forth in counts one and two;

(4) punitive damages in an amount to be determined by the jury in accordance

4

with state law;

    (5)    prejudgment and postjudgment interest at the legal rates;

    (6)    reasonable attorney fees and all costs of court; and

    (7)    such other and further relief, at law or in equity, to which plaintiffs may be justly entitled.

## Jury Demand

Plaintiffs hereby demand a jury trial as to all issues triable by a jury.

Dated October 3, 2014

Respectfully submitted,

**CHAPMAN LAW FIRM**
538 S. Tancahua
Corpus Christi, Texas 78401
Telephone: (361) 883-9160
Facsimile: (361) 883-9164

/S/
Stephen J. Chapman
State Bar No. 24001870
Federal ID. No. 32677

**ATTORNEYS FOR PLAINTIFF**